IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Zack Zembliest Smith, III, | ) | C/A No. 0:09-2310-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| John Owen, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner, Zack Zembliest Smith ("Smith"), filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion to dismiss. (ECF No. 25.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 26.) Smith filed a response in opposition to the respondent's motion (ECF No. 28) and the respondent filed a reply (ECF No. 29). Having carefully considered the parties' submissions and the applicable law, the court finds that the respondent's motion should be granted in part and this matter should be transferred to the Western District of Louisiana.

**BACKGROUND**

In 1994, Smith was convicted and sentenced in the Eastern District of Texas. Pertinent here, the sentence included restitution of approximately $23,000. The issue in this case is whether Smith's restitution obligation was due immediately upon sentencing.

As an initial matter, Smith's restitution obligation has been examined by various courts through various procedural vehicles. (See generally Respt.'s Mot. Dismiss at 8-9, ECF No. 25 at 8-

9.) First, Smith filed a petition in 2007 pursuant to 28 U.S.C. § 2241 in the District of South Carolina against the warden of the institution where he was then incarcerated. The Honorable Joseph F. Anderson, Jr., United States District Judge, found that to the extent Smith challenged the sentencing court's judgment directives regarding restitution, Smith was required to file a petition pursuant to 28 U.S.C. § 2255 in the Eastern District of Texas where he was sentenced. Judge Anderson further found that Smith's efforts to enjoin BOP from collecting restitution from him and to refund all moneys collected up to that date could be brought in a § 2241 petition with the petitioner's custodian "after the initial judgment matter with the Texas sentencing court is resolved." Smith v. Owen, C/A No. 9:07-1647-JFA-GCK, 2008 WL 4200330, *1 (D.S.C. Sept. 2, 2008).

During the pendency of his first § 2241 petition, Smith filed a "motion for clarification" with the sentencing court in the Eastern District of Texas. Although the sentencing court indicated in response to that motion that the court intended to direct that restitution was immediately due, that order was vacated by the United States Court of Appeals for the Fifth Circuit on jurisdictional grounds. The Fifth Circuit held that the district court lacked jurisdiction to clarify Smith's sentence regarding restitution, citing United States v. Hatten, 167 F.3d 884 (5th Cir. 1999), which held that no jurisdictional basis exists—including § 2255—for a district court to modify a sentence of restitution based on its illegality. The Hatten Court held that restitution was a sentencing issue that should be raised on direct appeal.[1] Id. at 887 n.5.

---

[1] The Hatten Court also held that the remedy of a prisoner who cannot meet the payment schedule established for him is to petition the district court to modify its restitution order pursuant to 18 U.S.C. § 3663(g). Here, Smith's complaint is not that he is unable to make the payments BOP is requiring of him, but rather that BOP is requiring him to pay prematurely—during his incarceration rather than his term of supervised release—in a manner that it inconsistent with what was directed by the sentencing court. (See Pet., ECF No. 10 at 8-9; see also ECF No. 10-2.)

PJG

Here, Smith believes that he should not be required to make payments toward his restitution obligation until his term of incarceration ends and his term of supervised release begins. The Fifth Circuit has essentially held that Smith cannot now be heard to challenge the legality of the district court's order via a § 2255 motion. Moreover, because it appears that Smith is challenging the manner in which BOP is executing the restitution sentence imposed by the Eastern District of Texas, § 2241 appears to be the proper vehicle through which to present that challenge. (See Petr.'s Resp. Opp'n Mot. Dismiss, ECF No. 28 (essentially stating that he is seeking to have BOP apply his sentence of restitution based on the plain language used in the Judgment by the sentencing judge); Respt.'s Mot. to Dismiss at 5, ECF No. 25 at 5 (acknowledging that Smith's challenge is correctly framed as one pursuant to § 2241)).

Unfortunately for Smith, the issue raised in the instant § 2241 Petition cannot be addressed by this court, as the court does not have personal jurisdiction over the custodian who can provide Smith the relief he seeks. Since the filing of the instant Petition, Smith has been transferred to FCI-Pollock in Louisiana. Even if this court were to grant the relief Smith seeks, Warden Owen has no ability to fulfill an order of this court directing that Smith's restitution payments cease and/or be refunded, since Smith is no longer in his custody. Smith's § 2241 petition must be presented to his immediate custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 441(2004) (holding that "when the Government moves a habeas petitioner after []he properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent *within its jurisdiction who has legal authority*" to effectuate the remedy directed by the court) (emphasis added); Anderson v. Drew, C/A No. 8:08-3197-HFF-BHH, 2009 WL 1458214 (D.S.C. May 21, 2009) (same).

## RECOMMENDATION

Therefore, the court recommends that the respondent's motion (ECF No. 25) be granted in part and this matter be transferred to the Western District of Louisiana.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 21, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).