UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zack Zembliest Smith, III, ) | C/A No. 0:09-2310-JFA-PJG |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| John Owen, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Zack Zembliest Smith III, a federal prisoner[1] proceeding without assistance of counsel, seeks habeas corpus relief under 28 U.S.C. § 2241. Petitioner requests, among other things, that this court order the cessation of his restitution obligation as required by the Federal Bureau of Prison's Inmate Financial Responsibility Program.

The Magistrate Judge assigned to this action[2] has prepared a thorough Report and Recommendation and opines that the respondent's motion to dismiss[3] should be granted in part because this court lacks personal jurisdiction over the custodian who can provide Smith the relief he seeks. The Report sets forth in detail the relevant facts and standards of law on

---

[1] Petitioner is now housed at the FCI Pollock in Louisiana serving a sentence of 66 years for robbery, imposed in the United States District Court for the Eastern District of Texas. At the time this action was commenced, petitioner was an inmate at the FCI in Williamsburg, South Carolina.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on January 21, 2011.  Petitioner filed timely objections.

In the Report and Recommendation, the Magistrate Judge opines that petitioner's claims must be presented to his immediate custodian, the Warden of FCI Pollock.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (holding that "when the Government moves a habeas petitioner after []he properly filed a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent *within its jurisdiction* who has legal authority" to effectuate the remedy directed by the court) (emphasis added).

At the time petitioner filed his action, his custodian, Warden Owen of FCI Williamsburg, was the proper respondent.  Now that petitioner is under the custody of Warden Medina at FCI Pollock, Warden Medina should be substituted as the proper respondent because she has the authority, as petitioner's custodian, to bring forth the body of petitioner.  Accordingly, the Magistrate Judge recommends that this case be transferred to the Western District of Louisiana.

The petitioner objects to this recommendation contending that this court retains jurisdiction, relying on the Fourth Circuit case of *United States v. Edwards*, 27 F.3d 564 (Table), 1994 WL 285462 (4th Cir. 1994) (unpublished).  In *Edwards*, the Fourth Circuit found that the district court erred in its decision to dismiss for lack of personal jurisdiction because jurisdiction is determined at the time an action is filed and subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction.

However, as the Magistrate Judge suggests, to apply *Edwards* to the case at hand would render petitioner without relief because Warden Owen from South Carolina no longer has custody

over petitioner. Moreover, Warden Medina, the appropriate respondent with custody over the petitioner, is not located in this district, thereby divesting this court of its jurisdiction.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, the respondent's motion to dismiss is granted in part as to the transfer of this petition to the Western District of Louisiana.

IT IS SO ORDERED.

February 24, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge