RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 6/23/11
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ZACK ZEMBLIEST SMITH III              DOCKET NO. 11-CV-314; SEC. P
(Reg. #04838-078)

**VERSUS**                              JUDGE DEE D. DRELL

**JOHN OWEN, WARDEN**                   MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Petitioner Zack Zembliest Smith III filed the captioned matter in the District of South Carolina, pursuant to 28 U.S.C. §2241. At the time of filing in 2009, Petitioner was incarcerated at the Federal Correctional Institution, in Greenville, Illinois. After the petition had been pending for approximately one and one-half years, Petitioner was transferred by the Bureau of Prisons to the Federal Correctional Institution in Pollock, Louisiana. Thereafter, the case was transferred from South Carolina to the Western District of Louisiana as captioned above.

On April 6, 2011, presumably out of an abundance of caution, Petitioner filed a second petition under 28 U.S.C. §2241 in this District Court presenting the same claim and issue that is presented in the transferred case. The docket number assigned to that case is **1:11-CV-541**.

### *Law and Analysis*

The court in the District of S. Carolina determined that because Petitioner had been transferred outside of its judicial district to FCI-Pollock, it no longer had jurisdiction over

Petitioner's Section 2241 petition. Under the Fifth Circuit law, however, the **only** district that may consider a habeas corpus challenge pursuant to §2241 is the district in which the prisoner is confined **at the time he filed** his §2241 petition. Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004); Lee v. Wetzel, 244 F.3d 370, 375 n.5 (5th Cir. 2001). In this case, the District of South Carolina is the district in which the prisoner was confined at the time he filed the petition. Thus, under Fifth Circuit law, only the District of South Carolina has jurisdiction over Petitioner's habeas application in <u>this</u> captioned matter.

Therefore, **IT IS RECOMMENDED** that Petitioner's application for habeas relief in the captioned matter be dismissed for lack of jurisdiction. However, because this Court **does** have jurisdiction over the second Section 2241 petition, Docket #**1:11-CV-541**, which raises the same argument raised herein, Petitioner's claim *will be evaluated* in that case.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this

Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE